UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                  **AFFIRMATION IN SUPPORT**
                                                  12 CR 171 (JPO)

MIKHAIL ZEMLYANSKY, et al,
                      *Defendants.*

YEVGENIY SHUMAN
                      *Defendant - Movant*
-------------------------------------------------------------x

       LORI COHEN, an attorney admitted to practice law in the State of New York hereby affirms under the penalty of perjury as follows:

       1)     I am the attorney representing Mr. Yevgeniy Shuman in the matter captioned above. I make this affirmation in support of Mr. Shuman's motion for a modification of his bail conditions to remove the condition of home confinement with electronic monitoring.

       2)     Mr. Shuman joins in the Motions for Bail Modification filed by defendants Zayouts, Kremerman and Zaretskiy (hereinafter the Zayouts Motion), and adopts the legal arguments made in that motion as they pertain to Mr. Shuman.

       3)     Mr. Shuman's current bail conditions are a $2,000,000 bond secured by $25,000 cash and the signature of three financially responsible individuals, and home detention with electronic monitoring.

1

4) Mr. Shuman was released from custody on or about March 7th after meeting the necessary bail requirements. He has been on house arrest with an electronic monitoring bracelet since that time. On July 19, 2012 we were advised by Mr. Shuman's pretrial services officer, Dennis Khilkevich of the Location Monitoring Unit that he had no objections to Mr. Shuman being placed on a curfew with electronic monitoring instead of house arrest with electronic monitoring. We communicated with the government on July 20 and July 24th, seeking their consent and have had no response.

5) For all of the reasons enumerated in the Zayouts motion, we move this Court to entirely remove Mr. Shuman from electronic monitoring. Mr. Shuman is not charged with the RICO count in the indictment and is charged solely with non-violent fraud counts.

6) That Pretrial Services is in agreement with a reduction in status for Mr. Shuman from house arrest to a mere curfew demonstrates that Mr. Shuman has established he can follow the rules and obligations and does what is requested of him in relation to bail. It also demonstrates that pretrial services, those who are in charge of monitoring Mr. Shuman, have determined that house arrest is no longer necessary as a condition of release.

7) We submit that not only is house arrest no longer necessary as a condition of release, but that electronic monitoring itself is no longer necessary as a condition of

2

release. Akin to the facts set forth in the Zayounts motion, electronic monitoring was not part of Mr. Shuman's initial pretrial services recommendation. Instead, it was a condition demanded by the government.

8) Mr. Shuman immigrated from the former Soviet Union (now Ukraine) to the United States in 1993 when he was 13 years old. He traveled with most of the members of his immediate family, including his mother, father, maternal grandparents and paternal grandmother. In 2000, Mr. Shuman achieved his dream and became a United Stated Citizen.

9) All of his family currently resides in New York, including his mother, and grandmother.[1] Although Mr. Shuman has traveled to the Ukraine last year, he went with his financee as a tourist and has no ties to Ukraine or any other country. Although his mother's sister and her husband reside in Israel, Mr. Shuman has never been to Israel.

10) Mr. Shuman's paternal grandmother, Tayana Lantsman is 89 years old, lives in Brooklyn and is very ill. She has been in and out of the hospital (the Court has previously given Mr. Shuman permission to visit her in the hospital) and has now been admitted to a rehabilitation center. Mr. Shuman has been limited in the time he can spend with his grandmother and the assistance he can provide. Prior to his

---

[1] Mr. Shuman's father and maternal grandmother have passed away.

confinement, Mr. Shuman provided invaluable support to his grandmother – visiting with her, food shopping for her and generally providing much needed assistance. Needless to say, Mr. Shuman's ability to assist his grandmother has been severely hampered.

11) Mr. Shuman's ability to procure full time employment has been hampered by his house arrest limitations.  He has finally located work as a food preparer, working 8am – 8pm in Maspeth Queens.  Hence, Mr. Shuman is out working from 6:15am to 9pm.  Mr. Shuman, has, however, sought employment as an assistant photographer. Mr. Shuman has been employed in this manner prior to his confinement;  however, as a result of the irregular nature of this business, Mr. Shuman has not been able to procure the required approval from his pretrial services officer.  The assistant photographer employment is irregular and often occurs last moment – factors that impede a prior approval requirement set out by the pretrial services.

12) Mr. Shuman lives with his fiancée Anastasiya Pilipenko.  He has well established and firm roots to the community within which he resides – his family resides there, his infirm grandmother resides there and his fiancée resides there.

13) In addition, Mr. Shuman is obligated to those family members, including his mother and uncle, who signed for his bond.

14) Mr. Shuman poses neither a threat of danger to the community nor a risk of flight to the Court. Mr. Shuman has no criminal history and is charged in solely non-violent fraud counts. The government does not suggest that Mr. Shuman has any violent tendencies nor can they point to any specific facts that would demonstrate a significant risk of flight. Mr. Shuman has limited means (he is one of the very few defendants in this matter to have CJA counsel), he has no ties to any other location and the government has his travel documents. It is simply far-fetched to believe that Mr. Shuman would leave his entire family, including his mother, ailing grandmother and fiancée to relocate to any location to which he has no connection. He has neither the means nor the opportunity to make such a trip.

15) Home detention has been punitive as applied to Mr. Shuman in that it has interfered with, and indeed eradicated, Mr. Shuman's ability to be the support for his ailing grandmother and to earn a decent living. Now that Mr. Shuman is working from 6:15am to 9pm, there is minimal deterrence to flight with his home confinement. The only function fulfilled by the monitoring is punitive – as it requires approval and planning for events that are not easily planned for – such as emergencies with his grandmother and last moment work opportunities.

16) As set forth in the Zayonts motion, the legal standards and arguments applicable to this onerous bail condition simply do not apply to Mr. Shuman. The nature

5

of this crime and seriousness of his danger to society cannot justify continued house arrest with electronic monitoring.

17) Pretrial services has already consented to remove house arrest. Hence, we are seeking that the Court at the very least remove house arrest as a condition of bail. In addition, based upon the facts set forth herein, and the legal arguments made in the Zayounts motion, we are requesting that the Court modify Mr. Shuman's bail conditions to remove entirely the condition of home confinement and electronic monitoring.

/s/ Lori Cohen

Lori Cohen, Esq.
Attorney for Defendant Shuman
145 Hudson Street, Suite 5C
New York, N.Y.  10013
212-431-1228